FILED

2003 NOV 25 P 2: 23

US DISTRICT COURT
HARTFORD CT

UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT ARDIZZONE<br>*Plaintiff,* | NO. 3:02 CV1658(AWT) |
| v. | |
| CONNECTICUT PSYCHIATRIC<br>SECURITY REVIEW BOARD<br>*Defendant.* | NOVEMBER 24, 2003 |

## STATUS REPORT

This is an action brought by the Plaintiff, Vincent Ardizzone against the defendant, Psychiatric Security Review Board ("PSRB"). The PSRB is a board established pursuant to Conn.Gen.Stat. Section 17a-58a which has jurisdiction over "acquittees" as defined in Conn.Gen.Stat. Section17a-580. The Plaintiff seeks a declaratory judgment stating that his federal rights under the Fourteenth Amendment to the U.S. Constitution have been violated. Specifically the Plaintiff alleges that he was denied a liberty interest in being in a less restrictive environment and he was denied procedural due process.

On January 12, 1993, the Plaintiff was acquitted by reason of mental disease and defect of the charge of murder. On March 5, 1993, the Plaintiff was committed to the jurisdiction of the PSRB by the Superior Court for a period of time not to exceed thirty-five years. On August 20, 1998, the Plaintiff was transferred from Whiting Forensic

Institute to Dutcher Services. Whiting and Dutcher are both located on the campus of Connecticut Valley Hospital.

The hospital submitted a report dated November 28, 2001 to the PSRB in accordance with the requirements of Conn.Gen.Stat. 17a-586. The Defendant held a hearing on December 14, 2001 to review the Plaintiff's status pursuant to Conn. Gen. Stat. 17a-585. Section 17a-585 requires the PSRB to conduct a review of each acquittee not less than once every two years. It also provides that "[a]t such hearing the board shall make a finding and act pursuant to section 17a-584." Section 17a-584 requires the PSRB to make a finding on the acquitee's mental condition and order one of three results: discharge from custody, conditional release or continued confinement. On December 14, 2001, the PSRB agreed to continue the hearing to allow the Plaintiff to present an independent evaluation. At the conclusion of the hearing, the PSRB ordered the Plaintiff transferred from Dutcher back to Whiting. The hearing reconvened on May 3, 2002. The PSRB issued a Memorandum of Decision dated June 7, 2002 in which it found the Plaintiff should be confined within a maximum security setting.

On March 7, 2003, the Defendant moved to dismiss or stay the above-referenced matter on the basis of abstention because the Plaintiff had an administrative appeal involving the same issues pending in state court and the Connecticut Supreme Court also was considering another case with the same issues. On July 22, 2003, the Connecticut Supreme Court issued an opinion in <u>Dyous v. Psychiatric Security Review Board</u>, 264 Conn. 766 (2003), which dealt with the transfer of an acquittee by the PSRB to a maximum security facility. In that case, the Court concluded that under Connecticut's

statutory framework there is no administrative appeal from the decision of the PSRB transferring an individual to a maximum security facility. The Court concluded that:

> ...it was logical for the legislature to provide for a right to appeal from a confinement decision but not from the decision as to the appropriate placement of the acquittee. Thus the placement of the acquittee, in a maximum security mental health facility or in a facility like Dutcher, requires knowledgeable decisions based upon, inter alia, the appropriateness and type of treatment the acquittee requires and the potential for risk of harm to the staff and other acquittees. These decisions are best left to the professional discretion of the board, whose mandate is the protection of the general public. Dyous at 777.

It should also be noted that the Dyous decision did not focus on federal constitutional issues, but rather on the state's statutory framework for regulating the transfer of insanity acquittees

Relying on the Dyous decision, on September 10, 2003, Judge Levine of the Connecticut Superior Court dismissed the Plaintiff's administrative appeal in this matter (Vincent Ardizzone v. Psychiatric Security Review Board, CV-02-0515841-S). To the best of the defendant's knowledge, the Plaintiff did not appeal the Superior Court decision in this case.

In response to the Court's request for proposals as to how this case should proceed, the Defendant proposes the following:

1) The Defendant supports the District Court's denial of the Plaintiff's Summary Judgment Motion and opposes the Plaintiff's proposal to "reinstate" said motion;

2) Based on the Dyous decision and the Plaintiff's decision not to appeal the Superior Court's dismissal of his administrative appeal, the Defendant no longer advances the three bases for abstention set forth in its Motion to Dismiss or Stay Action in this case; and

3) The Defendant recommends the Court requiring the filing of any dispositive motions in this case by February 1, 2004.

                                  RICHARD BLUMENTHAL
                                  ATTORNEY GENERAL

BY: _____
      Michael Sullivan
      Assistant Attorney General
      Federal Bar No. ct24981
      55 Elm Street
      P.O. Box 120
      Hartford, CT 06141-0120
      Tel: (860) 808-5210
      Fax: (860) 808-5385

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Status Report was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 24th day of November, 2003, first class postage prepaid to:

Vincent Ardizzone
Whiting Forensic Division
P.O. Box 70, O'Brien Drive
Middletown, CT  06457

Michael Sullivan
Assistant Attorney General