UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR -8 P 4: 49
U.S. DISTRICT COURT
HARTFORD, CT.

VINCENT ARDIZZONE                   :    CASE NO: 3:02-CV-1658 (AWT)
           PLAINTIFF
     -AGAINST-                      :    March 7th, 2004
CONNECTICUT PSYCHIATRIC
SECURITY REVIEW BOARD               :    **AMENDED**
           DEFENDANT


## MOTION FOR SUMMARY JUDGMENT

Pursuant to rule 56 of the Federal Rules of Civil Procedure, plaintiff Vincent Ardizzone, requests this court to grant him summary judgment as to the liability of the defendant the Connecticut Psychiatric Security Review Board for declaratory relief for the denial of the plaintiff's procedural and substantive due process rights. The reasons therefore are set forth in the plaintiff's brief in support of his motion and declaration. The plaintiff is advancing and amending his Motion for Summary Judgment to add that the defendant violated his procedural due process rights as well as his substantive due process rights under the Fourteenth Amendment to the United States Constitution. The plaintiff is claiming that the facts are undisputed and he is entitled to judgment as a matter of law. The facts in this case are a matter of Public record in the form of transcripts of both proceedings that took place on December 14th, 2001, and May 3rd, 2002, as well as the Memorandum of Decision dated June 7th, 2002, which were attached to the plaintiff's original Motion for Summary Judgment as, (Exhibits (A), (B) and (C). The facts are also undisputed in that the defendant failed to file any dispositve motions in this case by February 1st, 2004, as they recommended to the Court that they be allowed to do in their Status Report, dated November 24th, 2003. The transcripts of the hearings on December 14th, 2001, May 3rd, 2002, and the defendant's Memorandum of Decision dated June 7th, 2002, are exhibits that are contained in the Court's file as well as the defendant's file from the plaintiff's original Motion for Summary Judgment dated February 11th, 2003, the plaintiff has not attached these exhibits again, because he does not have the means of copying the documents again in their entirety based on the bulk size of the documents and on restrictions of his confinement. The plaintiff also wishes to advise the Court that he has been transferred back to the Dutcher Hall of

Connecticut Valley Hospital after the Board rendered a decision that he was no longer "so Violent" as to require confinement under conditions of maximum security. The plaintiff spent approximately 23 months in maximum-security confinement and was non-violent, as he had been for the entire time he was at the Dutcher Hall originally.

MARCH 7TH, 2004

X *Vincent Ardizzone* (signature)
Vincent Ardizzone
Dutcher Hall
Connecticut Valley Hospital
351 Silver Street
Middletown, Connecticut 06457