UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT ARDIZZONE<br>*Plaintiff,* | : | NO. 3:02 CV-1658 (AWT) |
| | : | |
| v. | : | |
| | : | |
| CONNECTICUT PSYCHIATRIC<br>SECURITY REVIEW BOARD,<br>*Defendant.* | :<br>:<br>: | APRIL 30, 2004 |

### DEFENDANT'S RULE 56(a)(1) STATEMENT
### IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56(a)(1), the defendant Psychiatric Security Review Board ("PSRB") submits the following Statement of Material Facts to which there are no genuine issues to be tried:

1.  On January 12, 1993, the plaintiff was acquitted by reason of mental disease and defect of the charge of murder. On March 5, 1993, the plaintiff was committed to the jurisdiction of the PSRB by the Superior Court for a period of time not to exceed thirty-five years. *Affidavit of Marilyn Smith Cotterell,* ¶ *3.*

2.  On August 20, 1998, the plaintiff was transferred from the Whiting Forensic Division of Connecticut Valley Hospital ("Whiting"), a maximum security mental health facility, to the less restrictive setting of Dutcher Services of Connecticut Valley Hospital ("Dutcher"). *Complaint,* ¶ *6; Affidavit of Smith Cotterell,* ¶ *4.*

3.  On December 14, 2001, the defendant PSRB held a hearing to review the plaintiff's status pursuant to Conn. Gen. Stat. 17a-585. *Complaint,* ¶*8.*

4. The plaintiff was represented by Attorney Susan McAlpine of the Public Defenders Office during this proceeding. The State of Connecticut was represented by Attorney Mary Galvin of the Chief State's Attorney's Office. *Affidavit of Ellen Weber, Attachment, p. 1.*

5. At the conclusion of the hearing on December 14, 2001, the defendant PSRB agreed to continue the hearing to allow the plaintiff's counsel to present an independent evaluation. The defendant PSRB also ordered Mr. Ardizzone immediately transferred from Dutcher back to Whiting pending the presentation of further evidence to the Board, based on the evidence presented at the hearing that the plaintiff represented a danger to other patients at Dutcher. *Complaint, ¶ 12; Affidavit of Ellen Weber, Attachment, p.1.*

6. On May 3, 2002, the defendant PSRB reconvened the hearing on the plaintiff's status to hear testimony from Dr. Peter Zeman, who was retained by the Public Defender's Office to do an independent evaluation of the plaintiff. *Affidavit of Ellen Weber, Attachment, p. 1.*

7. On June 7, 2002, the defendant PSRB issued a Memorandum of Decision in which the PSRB concluded that the plaintiff should be confined within a maximum security setting. *Complaint, ¶ 16; Affidavit of Ellen Weber, Attachment, p. 4.* The defendant PSRB found, based on the plaintiff's "violation of hospital rules and placing other persons, in particular more vulnerable psychiatric patients and potentially his minor aged child, in jeopardy, that he requires confinement in a maximum-security setting at this point in time. *Affidavit of Ellen Weber, Attachment, p. 4.*

8. In this decision, the PSRB also concluded that the plaintiff "has a psychiatric disability to the extent that his discharge or conditional release would constitute a danger to himself or others" and that the plaintiff "...is so violent that he requires confinement within a maximum-security setting". *Affidavit of Ellen Weber, Attachment, p. 4.*

9. In this decision, the defendant PSRB also ordered Whiting to provide the PSRB with a report every six months on the plaintiff's mental condition, mental status, and course of treatment pursuant to Conn. Gen. Stat. § 17a-586. *Affidavit of Ellen Weber, Attachment, p. 4.*

10. On November 25, 2003, the plaintiff was transferred from Whiting back to Dutcher and has remained there since that time. *Affidavit of Smith-Cotterell, ¶ 6.*

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Michael Sullivan
Assistant Attorney General
Federal Bar No. ct24981
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Rule 56(a)(1) Statement of Undisputed Material Facts was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 30th day of April, 2004, first class postage prepaid to:

Vincent Ardizzone
Whiting Forensic Division
P.O. Box 70, O'Brien Drive
Middletown, CT 06457

Michael Sullivan
Assistant Attorney General