```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


------------------------------x
VINCENT ARDIZZONE,            :
                              :
          Plaintiff,          :
                              :    Civil Action No.
v.                            :    3:02cv01658(AWT)
                              :
CONNECTICUT PSYCHIATRIC       :
SECURITY REVIEW BOARD,        :
                              :
          Defendant.          :
------------------------------x
```

## MEMORANDUM OF DECISION

The plaintiff, Vincent Ardizzone ("Ardizzone"), brings this action against the defendant, Connecticut Psychiatric Security Review Board ("PSRB"), under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that the PSRB's December 14, 2001 order that he be transferred from Dutcher Services at Connecticut Valley Hospital ("Dutcher") to the Whiting Forensic Division of Connecticut Valley Hospital ("Whiting") was in violation of Connecticut General Statutes §§ 17a-584, 17a-585 and 17a-599 and violated his rights to procedural and substantive due process under the 14th Amendment to the U.S. Constitution. Additionally, Ardizzone seeks a declaration as to his rights with respect to any future changes in his confinement. The parties have filed cross-motions for summary judgment. For the reasons set forth below, the court is granting the defendant's motion for summary judgment.

I.  **Factual and Procedural Background**

On January 12, 1993, Ardizzone was acquitted of murder by reason of mental disease and defect.  On March 5, 1993, the plaintiff was committed to the jurisdiction of the PSRB by the Superior Court for a period of time not to exceed 35 years.  On August 20, 1998, the plaintiff was transferred from Whiting, a maximum security mental health facility, to the less restrictive setting of Dutcher.

On December 14, 2001, the PSRB held a hearing pursuant to Conn. Gen. Stat. § 17a-585 to review Ardizzone's status.[1]  At the December 14 hearing, Ardizzone was represented by Attorney Susan McAlpine of the Public Defender's Office, who requested that the hearing be continued and that Ardizzone remain at Dutcher until such time as he had been evaluated by an independent examiner.  In response to these requests, the Chairman of the PSRB, Robert Berger, stated:

> We're going to continue this matter for the purpose of hearing the independent evaluator's testimony at some future time.  But in the interim, despite defense counsel's request the Chair by the power that is vested in him, after consultation with other members of the Board present, is going to declare that Mr. Ardizzone be transferred immediately from CVH to Whiting Forensic and that he be taken into custody right now for that purpose.

---

[1] Conn. Gen. Stat. 17a-585 provides as follows:

> The board shall conduct a hearing to review the status of the acquittee not less than once every two years.  At such a hearing the board shall make a finding and act pursuant to section 17a-584.

2

Brief in Support of Plaintiff's Motion for Summary Judgment (Doc. No. 28) at 11. Attorney McAlpine then questioned the propriety of such a decision, by asking Chairman Berger when the PSRB had had the opportunity to deliberate. Chairman Berger responded that "[w]e deliberated on this before and I just asked them whether they would approve my decision to do this, and they indicated they did." Id. Ardizzone was immediately transferred to Whiting.

The PSRB reconvened on May 3, 2002 to hear testimony from Dr. Peter Zeman, who was retained by the Public Defender's Office to conduct an independent evaluation of Ardizzone. On June 7, 2002, the PSRB issued a memorandum of decision in which it concluded that Ardizzone ". . . is so violent that he requires confinement within a maximum-security setting." The PSRB stated that it based its conclusion on a review of Ardizzone's behavior at Dutcher and the severity of his psychiatric disability, but the memorandum of decision appeared to be merely an after-the-fact justification for a decision that had been made prior to the Chairman's declaration at the December 14, 2001 hearing. Additionally, the PSRB ordered Whiting to provide the PSRB with a report every six months on Ardizzone's mental condition, mental status, and course of treatment pursuant to Conn. Gen. Stat. § 17a-586.[2]

---

[2] Conn. Gen. Stat. § 17a-586 provides in relevant part:

> The superintendent of any hospital for psychiatric disabilities in which an acquitee has been confined . . . shall submit to the board at least every six months a written report with respect to the mental condition of the

3

On July 10, 2002, Ardizzone filed an administrative appeal in the Superior Court seeking reversal of the order in the PSRB's June 7, 2002 memorandum of decision. On September 18, 2002, while Ardizzone's administrative appeal was pending, he filed the instant action and, on February 14, 2003, Ardizzone moved for summary judgment. <u>See</u> Doc. No. 12. On March 7, 2003, the PSRB filed a motion to dismiss or stay the case. <u>See</u> Doc. No. 16. By order dated September 23, 2003, the court denied Ardizzone's motion for summary judgment without prejudice, and denied the PSRB's motion to dismiss and granted its motion to stay, noting that Ardizzone's administrative appeal might be affected by the Connecticut Supreme Court's decision in <u>Dyous v. PSRB</u>, 264 Conn. 766 (2003) (holding that under Connecticut law there is no administrative appeal from a PSRB decision transferring an acquittee to a maximum security facility). The Superior Court had, in fact, dismissed Ardizzone's administrative appeal on September 10, 2003, relying on the <u>Dyous</u> decision. Ardizzone did not appeal the dismissal. Ardizzone was transferred from Whiting back to Dutcher on November 25, 2003.

On December 24, 2003, the court lifted the stay (Doc. No. 26). The parties subsequently filed the instant cross-motions for summary judgment.

---

acquittee.

**II.   Discussion**

The PSRB's papers do not address Ardizzone's factual contentions regarding the PSRB's December 14, 2001 decision to transfer him to Whiting.  However, because the comments of the Chairman of the PSRB indicate that the decision to transfer Ardizzone to Whiting was made during a private caucus before the hearing was held, it is not apparent how the PSRB's action on December 14, 2001 comported with the due process requirements of the 14th Amendment or with Conn. Gen. Stat. § 17a-599, which requires the PSRB to make a determination that an ". . . acquittee is so violent as to require confinement under conditions of maximum security," before remanding him to such a facility. Nevertheless, the PSRB properly argues that the type of relief sought by Ardizzone is barred by the Eleventh Amendment to the U.S. Constitution.

Ardizzone's request for a declaration that the PSRB's past conduct violated his 14th Amendment right to due process seeks the kind of retrospective relief that the Supreme Court has held is barred by the Eleventh Amendment.  See Green v. Mansour, 474 U.S. 64, 68-73 (1986) (holding that petitioners could not obtain declaratory judgment that a state's former method of calculating welfare benefits violated federal law where there was no ongoing violation).  Nor is Ardizzone's request for relief covered by the exception recognized by the Supreme Court in Ex Parte Young, 209

5

U.S. 123 (1908) and its progeny.  While federal courts may provide prospective injunctive relief where a state is engaged in an *ongoing* violation of federal law, see id. at 677 (emphasis added); Edelman v. Jordan, 415 U.S. 651, 664, 674 (1974), a federal court acting pursuant to the Declaratory Judgment Act may declare the rights of a party only where there exists an "actual controversy." Steffel v. Thompson, 415 U.S. 452, 462 (1974); Golden v. Zwickler, 394 U.S. 103 (1969).  To determine whether an "actual controversy" exists, the court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy . . . to warrant the issuance of a declaratory judgment."  Golden, 394 U.S. at 108 (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). A party seeking declaratory relief from a prospective violation of the party's rights must show that the grievance is real and immediate, rather than merely conjectural.  See Golden, 394 U.S. at 109.  See also Lillbask v. Connecticut Dep't of Educ., 397 F.3d 77, 86-88 (2d Cir. 2005) (affirming dismissal based on mootness where (1) there was no reasonable expectation that the alleged violation would recur again and (2) interim relief or events had completely and irrevocably eradicated the effects of the alleged violation).

Ardizzone was transferred back to Dutcher on November 23,

6

2003 and continues to be confined in that lower-security facility, so he has no immediate need for an order countermanding the PSRB's decision to send him to Whiting.  As to Ardizzone's additional request for a declaration regarding his rights with respect to any future changes in his confinement, the PSRB's insistence in its papers (and in the June 7, 2002 memorandum of decision) that Ardizzone received a hearing on December 14, 2001 prior to a decision being made to transfer him from Dutcher to Whiting makes it clear that the PSRB understands that a hearing prior to a decision being made is the mandated procedure; thus the court concludes that there is no reasonable expectation that Ardizzone would be transferred back to Whiting in violation of his right to due process.  Thus, under all the circumstances of this case, the court concludes that there is no "actual controversy" that could warrant the issuance of a declaratory judgment.

    Accordingly, the PSRB's Motion for Summary Judgment (Doc. No. 31) is hereby GRANTED, and Ardizzone's Amended Motion for Summary Judgment (Doc. No. 27) is hereby DENIED.

    The Clerk shall close this case.

    It is so ordered.

    Dated this 6th day of February 2006 at Hartford, Connecticut.

                                        /s/
                              Alvin W. Thompson
                        United States District Judge